**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, NW<br>Suite 800<br>Washington, DC 20006,<br><br>      Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF THE INTERIOR<br>1849 C Street, NW<br>Washington, DC 20240,<br><br>      Defendant. | Civil Action No. 16-2262 |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records related to the withdrawal of Atlantic Planning Areas from the Bureau of Ocean Energy Management's 2017-2022 Outer Continental Shelf Oil and Gas Leasing Plan. These records are maintained by Defendant Department of the Interior ("Defendant" or "DOI"). Defendant has failed to issue a final determination on or produce any records responsive to CoA Institute's request within the applicable FOIA time limits. In doing so, Defendant has withheld records to which CoA Institute has a right and which serve the public interest in transparent and accountable government.

## NATURE OF THE ACTION

2. The Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331-1356, requires the Secretary of the Interior to prepare an oil and gas leasing program every five years ("Five-Year

1

Program"). 43 U.S.C. § 1344(a). The Five-Year Program "shall consist of a schedule of proposed lease sales." *Id*.

3. In determining the "[t]iming and location of exploration, development, and production of oil and gas . . . among the regions of the outer Continental Shelf," the Secretary must consider a number of factors, including "the interest of potential oil and gas producers" and the "laws, goals, and policies of affected states." 43 U.S.C. § 1344(a)(2).

4. The Bureau of Ocean Energy Management ("BOEM"), a bureau within the Department of the Interior, is responsible for managing "the development of the U.S. Outer Continental Shelf energy and mineral resources." Bureau of Ocean Energy Management, *About BOEM*, http://coainst.org/2f164ZK. BOEM is tasked with "the development of the Five Year Outer Continental Shelf (OCS) Oil and Natural Gas Leasing Program." *Id*.

5. The current Five-Year Program terminates on August 26, 2017. Bureau of Ocean Energy Management, *2012-2017 OCS Oil and Gas Leasing Program*, http://coainst.org/2eEml3G.

6. BOEM began the process of preparing a new Five-Year Program on June 16, 2014 when it published a Request for Information and Comments on the Preparation of the 2017-2022 Outer Continental Shelf (OCS) Oil and Gas Leasing Program in the Federal Register. 79 Fed. Reg. 34,349 (June 16, 2014).

7. In January 2015, BOEM released its Draft Proposed Outer Continental Shelf (OCS) Oil and Gas Leasing Program for 2017-2022 (DPP). *See* Bureau of Ocean Energy Management, *2017-2022 Outer Continental Shelf Oil and Gas Leasing Draft Proposed Program*, http://coainst.org/2eyi9nM. BOEM published a Notice of Availability of and Request for Comments on the DPP on January 29, 2015. 80 Fed. Reg. 4941 (Jan. 29, 2015).

8. The DPP included "one sale in a portion of the combined Mid-Atlantic and South Atlantic Planning Areas." *Id.* at 4942.

9. A majority of the more than one million public comments BOEM received on the DPP supported the inclusion of the Atlantic Planning Areas in the Five-Year Program.  Bureau of Ocean Energy Management, *2017-2022 Outer Continental Shelf Oil and Gas Leasing Proposed Program* 3-1 (2016), http://coainst.org/2eLv9UP.

10. The affected states generally supported the inclusion of the Atlantic Planning Areas in the DPP.  *See, e.g.*, Bureau of Ocean Energy Management, *2017-2022 Outer Continental Shelf Oil and Gas Leasing Proposed Program* S-10 (2016), http://coainst.org/2eLv9UP; Press Release, Sen. Mark Warner & Sen. Tim Kaine, Statement of U.S. Sen. Warner & Kaine on Interior Department's Mid-Atlantic Offshore Plan (Jan. 27, 2015), http://coainst.org/2eowwNF.

11. Asked to provide an opinion on the DPP in relation to U.S. military operations in the Atlantic, the Department of Defense categorized only 5% of the Atlantic Planning Areas included in the plan as "No Oil and Gas Activity."  Department of Defense, *DOD Mission Compatibility Planning and Assessment: BOEM 2017-2022 Outer Continental Shelf (OCS) Oil and Gas Leasing Draft Proposed Program* 30 (2015), http://coainst.org/2eodx3s.  Subject to certain conditions, the Department of Defense indicated that the remaining 95% of the Atlantic Planning Areas could be included in the new Five-Year Program.  *Id.*

12. When BOEM released the Proposed Program in March 2016, however, it determined to withdraw the Atlantic Planning Areas from the 2017-2022 Five-Year Program. Bureau of Ocean Energy Management, *2017-2022 Outer Continental Shelf Oil and Gas Leasing Proposed Program* S-2 (2016), http://coainst.org/2eLv9UP.

13. Secretary of the Interior Sally Jewell attributed BOEM's decision to exclude the Atlantic Planning Areas to "conflicts with national defense, economic activities such as fishing and tourism, and opposition from many local communities." Press Release, Department of the Interior, Interior Department Announces Next Step in Offshore Oil and Gas Leasing Planning Process for 2017-2022 (Mar. 15, 2016), http://coainst.org/2dPQ0HQ. In light of the record of public comments favoring inclusion of the Atlantic Planning Areas, the support of affected states, and the lack of broad opposition from the Department of Defense, Secretary Jewell's explanation of BOEM's reversal is inexplicable.

14. Senator Tim Kaine, who had supported offshore oil and gas development for years as a Senator and as Governor of Virginia, similarly reversed his support for including the Atlantic Planning Areas shortly after Hillary Clinton selected him as her vice presidential running mate. *See, e.g.*, T. Becket Adams, *Kaine Hit for Flipping on Offshore Drilling*, Washington Exam'r, Aug. 15, 2016, http://coainst.org/2eLt8It.

15. In an effort to understand how DOI and BOEM decided to withdraw the Atlantic Planning Areas from the new Five-Year Program, particularly in light of the apparent inconsistency between the public record and Secretary Jewell's explanation of the agency's decision, CoA Institute submitted a FOIA request to Defendant on August 31, 2016. *See* Ex. 1. The FOIA request sought communications between DOI, BOEM, the White House, the Department of Defense, and Senator Kaine's office concerning the Atlantic Outer Continental Shelf and the new Five-Year Program. *Id*. These records would help educate the general public about DOI's administration of the oil and gas leasing program and the decision to withdraw the Atlantic Planning Areas from the new Five-Year Program.

16.     To date, Defendant has not issued a final determination or produced any records in response to the August 31, 2016 FOIA request. The failure to issue a timely determination on the FOIA request at issue violates CoA Institute's rights under FOIA.

## JURISDICTION AND VENUE

17.     Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

18.     Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

19.     CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under FOIA to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

20.     The Department of the Interior is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records to which Plaintiff seeks access and which are the subject of this Complaint.

## FACTS

21.     By letter, dated August 31, 2016, CoA Institute submitted a FOIA request to DOI seeking certain communications related to the Atlantic Outer Continental Shelf and the 2017-2022 Outer Continental Shelf Oil and Gas Leasing Program. Ex. 1. The time period for this request was "November 1, 2015 to March 15, 2016." *Id*.

22. CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.*

23. By letter, dated September 2, 2016, Defendant acknowledged receipt of the August 31, 2016 FOIA request and assigned the request control number OS-2016-00435. Ex. 2.

24. Defendant classified CoA Institute as an "other-use" requester and informed CoA Institute that DOI was "in the process of determining whether or not your entitlements are sufficient to enable us to process your request, or if we will need to issue a formal determination on your request for a fee waiver." *Id.*

25. By letter, dated September 14, 2016, Defendant requested that CoA Institute narrow the FOIA request so that it could be "process[ed] . . . in a timely manner." Ex. 3.

26. By telephone, on September 16, 2016, CoA Institute agreed to narrow the request to records maintained by certain individuals and confirmed that agreement by email of the same date. Ex. 4. CoA Institute also requested clarification of DOI's determination that CoA Institute was an "other-use" requester, since DOI had granted multiple CoA Institute requests for news media classification associated with previous FOIA requests. *Id.*

27. By letter, dated September 19, 2016, Defendant confirmed the agreement to narrow the request and changed its classification of CoA Institute to a "news-media" requester. Ex. 5.

28. By email, dated October 14, 2016, CoA Institute requested an update on the status of the request. Ex. 6.

29. By return email of the same date, Defendant notified CoA Institute that "it would be extremely difficult to estimate an accurate date of completion" for the request, but that "[t]otal completion of this request will likely take several months." *Id.*

## COUNT 1
## Violation Of FOIA: Failure To Comply With Statutory Deadlines

30. Plaintiff repeats paragraphs 1 through 29.

31. FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

32. Defendant received CoA Institute's FOIA request on August 31, 2016, Ex. 2. More than twenty (20) business days have passed since that date. Defendant has failed to issue a final determination on or produce any records responsive to the August 31, 2016 FOIA request within the applicable FOIA time limits.

33. Defendant also failed to comply with FOIA in that it never "arrange[d] . . . an alternative time frame" for responding to the FOIA requests. None of DOI's acknowledgement letters or other responses provide an estimated date of completion or an invitation to contact the agency for the purposes of negotiating an "alternative" response date for the request.

34. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

a. order Defendant to process FOIA request No. OS-2016-00435 expeditiously and to make a final determination within twenty (20) business days of the date of the Order;

  b.  order Defendant to produce all responsive records promptly after issuing its final determination;

  c.  award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

  d.  grant such other relief as the Court may deem just and proper.

Date: November 15, 2016      Respectfully submitted,

                /s/ *Lee A. Steven*
                Lee Steven
                D.C. Bar No. 468543
                lee.steven@causeofaction.org

                CAUSE OF ACTION INSTITUTE
                1875 Eye Street, NW, Suite 800
                Washington, DC  20006
                Telephone: (202) 499-4232
                Facsimile: (202) 330-5842

                *Counsel for Plaintiff*

4833-1316-9723, v.  1